UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN TRACY FRANK,

    Plaintiff,

v.

MICHELLE FLOYD,

    Defendant.
_____/

Case No. 2:23-cv-10261
District Judge Brandy R. McMillion
Magistrate Judge Anthony P. Patti

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DENY MDOC DEFENDANT FLOYD'S MOTION FOR SUMMARY JUDGMENT ON THE BASIS OF EXHAUSTION (ECF No. 16)

**I.   RECOMMENDATION**: The Court should **DENY** MDOC Defendant Floyd's motion for summary judgment on the basis of exhaustion (ECF No. 16).

**II.   REPORT**

    **A.   Background**

Kevin Tracy Frank ("Plaintiff") is currently located at the Michigan Department of Correction (MDOC) Cooper Street Correctional Facility (JCS). On February 1, 2023, while located at JCS, Plaintiff filed the instant lawsuit against JCF Warden Michelle Floyd. (ECF No. 1.) The factual allegations underlying the complaint stem from an August 3, 2022 power outage at JCS, after which it took 40 days for the ventilation system in his housing unit to be restored. (*Id*., ¶¶ 6-13.) Plaintiff's causes of action are based on the Eighth Amendment. (*Id*., ¶¶ 19-20.)

He seeks declaratory relief, an award of nominal, compensatory, and punitive damages, and payment of reasonable attorney fees and costs. (*Id*., ¶¶ 21.)

B. **Pending Motion**

Currently before the Court is Defendant Floyd's October 10, 2023 motion for summary judgment on the basis of exhaustion. (ECF No. 16.)[1] Plaintiff has

---

[1] In a letter dated June 14, 2023, post-marked June 2023, and filed July 6, 2023, Plaintiff stated he "never received anything indicating that the Defendant met the requirement to answer the complaint." (ECF No. 9.) My online practice guidelines regarding "Pro Se Prisoner and Habeas Corpus Cases" provide, in part: "Letters to the Court are neither pleadings nor motions and will be stricken." *See* www.mied.uscourts.gov. Plaintiff is hereby cautioned that future letters run the risk of being stricken from the record and reminded that "Definitions of and requirements for pleadings and motions are provided in Federal Rules of Civil Procedure 7 through 11, with additional local requirements set forth at Local Rules 7.1 through 11.2." (*Id*.) That said, the request for waiver of service was sent to Defendant on August 17, 2023, and she executed the waiver on August 23, 2023. (ECF No. 13.) Accordingly, she had 60 days, *i.e.*, until October 16, 2023, by which to answer. *See* Fed. R. Civ. P. 4(d)(3) ("*Time to Answer After a Waiver*."); Fed. R. Civ. P. 12(a)(1)(A)(ii). The October 10, 2023 exhaustion-based dispositive motion at bar was filed with 6 days to spare, and it was acceptable in lieu of an answer. *See* Fed. R. Civ. P. 56(b) ("Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."). Courts routinely recognize exhaustion-based motions for summary judgment filed in lieu of an answer. *See*, *e.g.*, *Stringer v. Lennox*, No. 17-10998, 2018 WL 5095047, at *1 (E.D. Mich. Aug. 27, 2018) (Davis, M.J.) ("In lieu of an answer to the complaint, . . . defendants filed a motion for summary judgment based solely on exhaustion of administrative remedies."), *report and recommendation adopted*, No. 17-CV-10998, 2018 WL 4443176 (E.D. Mich. Sept. 18, 2018) (Steeh, J.); *see also Pace v. Sproul*, No. 21-CV-01281-JPG, 2023 WL 4825015, *4 (S.D. Ill. July 27, 2023) (granting motion for summary judgment on the issue of exhaustion); and, *Santos v. Schroeder*, No. 919CV1610LEKTWD, 2021 WL 931959, at *3 (N.D.N.Y. Feb. 1, 2021) ("a party may move for summary judgment in lieu of an answer."), *report and recommendation adopted*, No. 919CV1610LEKTWD, 2021 WL 930709

filed a timely response (ECF Nos. 17, 18), and Defendant has filed a reply (ECF No. 19).  Plaintiff's impermissible sur-reply was stricken.  (ECF Nos. 20, 21.) Thus, this motion is ready for decision.

    **C.**    **Discussion**

        **1.**    **Exhaustion generally**

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  "The PLRA's exhaustion requirement . . . requires 'proper' exhaustion, which includes compliance with a state agency's timeliness deadlines."  *Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011).  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."  *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006).  "The prisoner . . . may not exhaust administrative remedies during the pendency of the federal suit."

---

(N.D.N.Y. Mar. 11, 2021).  Furthermore, "[a]ny defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law." 42 U.S.C. § 1997e(g)(1).

3

*Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) (citing *Larkins v. Wilkinson*, No. 97-4183, 1998 WL 898870, *7 (6th Cir. Dec. 17, 1998)).

      **2.**     **JCS-2022-08-0749-28B**

The parties seem to agree that JCF-22-08-0749-28b is the relevant grievance. (*See* ECF No. 1, PageID.15-28; ECF No. 16, PageID.103-109; and, ECF No. 18, PageID.124-135.) It seems that Plaintiff wrote to Warden Floyd on August 8, 2022 regarding the "[r]ecent handling of power failure[,]" (ECF No. 1, PageID.11-12), and on August 17, 2022 regarding the "August 8, 2022 missive about the broken ventilation system in H-Unit since power failure of August 2, 2022[.]" (*Id.*, PageID.14.)

On or about August 19, 2022, Plaintiff completed a Step I grievance form "against Warden M. Floyd for willful neglect that significantly impaired my health[.]" Over the course of four paragraphs, Plaintiff mentions, *inter alia*: (a) MDOC PD 03.03.130 ("Humane Treatment and Living Conditions for prisoners"); (b) the August 2, 2022 power loss due to a storm; (c) complaints to unit offers between August 3, 2022 and August 6, 2022 about "the air quality and how [he] was being affected by not having ventilation in the unit[;]" (d) being informed on August 7, 2022 that "the motors seized up after they were turned off, and that they needed to be replaced[;]" (e) letters dated August 8, 2022 and August 17, 2022; and, (f) as of August 19, 2022, "there is still no functioning ventilation system in

H-Unit." (*Id*., PageID.108-109.)  Then, in a section labeled, "RESOLUTION," Plaintiff states:

> Corrective action in accordance with PD 02.03.100 [("Employee Discipline")] and OP 02.03.100 for Warden Floyd as a deterrent to any similar future actions or inactions.  Also, immediately fix the ventilation in H-Unit, and post a memo informing the Unit of such repair.

(*Id*., PageID.109.)  On August 23, 2022, Grievance Coordinator J. Flynn rejected the grievance, stating in part:

> Grievance is vague as to what the main issue is or who you are grieving.  Grievances need to state who, what, when, where, why and how.  You have provided no information on any specific policy or procedure that has been violated or any unsatisfactory condition of confinement.

(*Id*., PageID.113.)  *See also* MDOC PD 03.02.130 (effective Mar. 18, 2019) ¶ J(1) ("A grievance shall be rejected by the Grievance Coordinator if . . . [i]t is vague, illegible, or contains multiple unrelated issues.") ¶ S ("Dates, times, places, and names of all those involved in the issue being grieved are to be included."). (ECF No. 16-2, PageID.92, 94).

On August 26, 2022, Plaintiff completed a Step II grievance appeal form. (*Id*., PageID.104-105.)  *Warden Floyd* denied the appeal on September 16, 2022. (*Id*., PageID.106.)  On or about September 19, 2022, Plaintiff completed a Step III appeal. (*Id*., PageID.104, 107.)  The rejection was upheld by Richard D. Russell –

5

Manager Grievance Section, Office of Legal Affairs – at Step III on October 21, 2022. (*Id.*, PageID.103.)

### 3. Reason for rejection

Defendant Floyd's sole argument is that Plaintiff "did not exhaust any claims against [her][,]" because "the only grievance against her was rejected as *vague*." (ECF No. 16, PageID.74, 84-87 (emphasis added).) Defendant also notes that JCS-749 "was rejected at Step I as vague, and the rejection was affirmed through Step III." (ECF No. 16, PageID.85-86.)

Presumably in an effort to defend the characterization of JCS-749 as vague, Defendant Floyd contends that "the only allegation in JCS-749 at Step I that directly impacted the ventilation system was that an unidentified officer turned off the circuit breaker to the system." (ECF No. 16, PageID.85.) Defendant further contends that "Frank's failure to allege specific conduct [or misconduct] by Warden Floyd means that he did not sufficiently put her on notice as to his claims against her." (*Id.*, PageID.85; ECF No. 19, PageID.139.) *See Johannes v. Washington*, No. 14-11691, 2016 WL 1253266, at *12 (E.D. Mich. Mar. 31, 2016) (Michelson, J.) (Turner's grievance "simply did not provide fair notice of any claim against Washington."); *Claybron v. DeAngelo*, No. 21-CV-11953, 2023 WL 2572456, at *3 (E.D. Mich. Mar. 20, 2023) (Goldsmith, J.) (citing *Johannes*). *See also Mattox v. Edelman*, 851 F.3d 583, 596 (6th Cir. 2017) ("[W]e hold that the

6

inmate can only exhaust claims where he notifies the relevant prison medical staff as to which facets of his care are deficient.").[2] Put another way, Defendant contends that, "[b]ecause JCS-749 was rejected through the grievance process," Plaintiff "did not properly exhaust any of his claims . . . [,]" and the failure to properly present his claims against Defendant Floyd "via the correct procedures prevented MDOC from addressing and reviewing these claims on the merits." (ECF No. 16, PageID.86.)  *Woodford*, 548 U.S. at 90 ("Because exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims.").

### 4. Challenge to reason for rejection

However, the Court is not convinced that Plaintiff "failed to complete the administrative review process regarding his claims against Warden Floyd . . . ." (ECF No. 16, PageID.86-87.)  Preliminarily, if a grievance is allegedly improperly rejected at Step I, Plaintiff cannot simply abandon the grievance process.  Instead, he should appeal the allegedly improper rejection to Steps II and III, which gives

---

[2] Defendant also cites *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) ("liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'") (quoting *Salehpour v. University of Tennessee*, 159 F.3d 199, 206 (6th Cir.1998)).  (ECF No. 16, PageID.85.)  However, this is an argument better made in a merits-based dispositive motion.

7

the MDOC the opportunity to correct the alleged improper Step I rejection.  *See Brown v. Haiderer*, No. 4:21-CV-11565, 2022 WL 4006951, at *5 (E.D. Mich. May 17, 2022) (Morris, M.J.) ("While Plaintiff can argue that his grievance was improperly rejected as duplicative at Step I, his remedy was to appeal that determination at Steps II and III."), *report and recommendation adopted*, No. 21-CV-11565, 2022 WL 4002299 (E.D. Mich. Sept. 1, 2022) (Leitman, J.).  This is exactly what Plaintiff did when he pursued JCS-749 through Step II and Step III.

More to the point, Plaintiff convincingly calls into doubt the propriety of rejecting JCS-749 as vague.  Plaintiff dedicates several paragraphs of his *pleading* to "exhaustion of legal remedies[.]"  (ECF No. 1, ¶¶ 14-18.)  He challenges the MDOC's reason for rejecting the Step I grievance in JCF-22-08-0749-28b, and he contends Flynn "violated MDOC Policy concerning grievance reviews" when he "let the Defendant, Warden Michelle Floyd, review and decide the outcome of a grievance that was written on her[.]"  (ECF No. 1, ¶ 17.)  *See* MDOC PD 03.02.130 ¶¶ Y, EE ("If the grievance is accepted, the Grievance Coordinator shall assign an appropriate respondent . . . . ") (ECF No. 16-2, PageID.95-96.)  Also, in Plaintiff's response, which meets the requirements of an unsworn declaration under penalty of perjury, 28 U.S.C. § 1746, he describes his letters to Warden Floyd (*id*., ¶¶ 1-2) and his pursuit of JCS-749 (*id*., ¶¶ 3-9), and also asserts that his Step I

8

grievance "covered every requirement for filing[,]" (*id.*, ¶¶ 12-13). (*See* ECF No. 18, PageID.115-117.)

The Court has reviewed Plaintiff's Step I grievance and J. Flynn's related response and concludes that Flynn's reasons for the rejection were errant. True, as long as the prison "clearly rejects a grievance for a reason explicitly set forth in the applicable grievance procedure, a subsequent § 1983 claim based on the grievance will be subject to dismissal for failure to properly exhaust." *Burnett v. Howard*, No. 2:09-CV-37, 2010 WL 1286256, at *1 (W.D. Mich. Mar. 30, 2010) (internal quotation marks and citation omitted). That said, a court "is not required to blindly accept the state's application of the procedural rule." *Reeves v. Salisbury*, No. 11-cv-11830, 2012 WL 3206399, at *5 (E.D. Mich. Jan. 30, 2012) (Michelson, M.J.), *report and recommendation adopted in part*, *rejected on other grounds*, 2012 WL 3151594 (E.D. Mich. Aug. 2, 2012) (Battani, J.). *See also* Horacek v. Carter, 594 F. Supp. 3d 900, 907 (E.D. Mich. 2022) (Ludington, J., *adopting report and recommendation of* Patti, M.J.). Here:

- whereas the response states, "[g]rievance is vague as to what the main issue is or who you are grieving[,]" the opening line of the Step I grievance claims it is filed "against Warden M. Floyd for willful neglect that significantly impaired my health[,]" and within the same paragraph mentions the August 2, 2022 power failure, the ventilation system in the unit not being restored when the power returned, and an outdoor heat index of 100 degrees;

9

- whereas the response states, "[g]rievances need to state who, what, when, where, why and how[,]" Plaintiff's Step I grievance provides multiple dates – ranging from the August 2, 2022 loss of power to August 19, 2022, when, allegedly, "there [wa]s still no functioning ventilation system in H-Unit[;]" and,

- whereas the response states, "[y]ou have provided no information on any specific policy or procedure that has been violated or any unsatisfactory condition of confinement[,]" Plaintiff's Step I grievance mentions violations of MDOC PD 03.03.130 ("Humane Treatment and Living Conditions for prisoners") and "air quality" in the first paragraph.

(*Compare* ECF No. 1, PageID.16-17; *with*, *id*., PageID.18.) In sum, the reasons for rejection offered in the Step I grievance response are not supported by the substance of Plaintiff's Step I grievance form.

### D. Conclusion

As set forth in detail above, Defendant Floyd is not "entitled to judgment as a matter of law[,]" because there exists a "genuine dispute as to any material fact ... [,]" Fed. R. Civ. P. 56(a), namely whether Plaintiff Frank properly exhausted his available administrative remedies in accordance with 42 U.S.C. § 1997e(a). Accordingly, the Court should **DENY** Defendant Floyd's exhaustion-based motion for summary judgment (ECF No. 16).

### III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

10

72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc*. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: April 18, 2024                    s/*Anthony P. Patti*
                                          Anthony P. Patti
                                          UNITED STATES MAGISTRATE JUDGE